Conway B, J. In 1836, Spencer Anderson obtained an allowance in the Probate Court, against Absalom Fowler, as administrator of Crittenden, and in 1840, an order of payment. Fowler failed to obey the order, and in 1843 a writ of fieri facias issued against him properly for the amount he was ordered to pay as administrator. By direction of Anderson’s attorney, the sheriff levied the fi. fa. on certain lands of Fowler, and afterwards, by order of said attorney, returned the writ without selling the lands. In 1846, another fieri facias issued on the same order of payment, and was levied on certain personal estate of Fowler. He then made application to the Chief Justice for a supersedeas of this second fi. fa. It was awarded, and Anderson now moves that it be recalled and set aside. The statute gives judgments and decrees of the Supreme and Circuit Courts liens on lands, but no such lien is given to orders, judgments or decrees of the Probate Court. A writ of fieri facias, however, issued on such order, judgment or decree, has the same force as a lien, as if issued on a judgment or decree of the Supreme or Circuit Court, and consequently from its delivery to the officer to be executed, a general lien is cast on all of defendant’s real and personal estate in the officer’s bailiwick. Rev. Stat. 373-4, and 378, and 477. But when the officer makes a levy on a sufficiency of defendant’s estate to satisfy the execution, the general lien is merged or transmuted into a special lien on the specific estate seized. The balance is entirely relieved from the incumbrance, and no farther levy can be made by virtue of the same writ; nor can another fieri facias legally issue whilst the levy remains undisposed of. A levy is presumed to be a sufficient one, and it would be unjust and oppressive to author-, ize more to be taken when there is already enough in custody of the law to satisfy the judgment. McIntosh v. Chew, 1 Blackford’s R. 289. Miller v. Ashton, 7 Blackford’s R. 29. McGehe v. Handley et al., 5 How. Miss. R. 625; and Green v. Burke, 23 Wen. R. 501. When real estate is levied on it is thereby as completely in custody of the law as personal estate would be. It is by virtue of the levy that the law takes hold of the estate. The officer’s dispossessing the defendant of it and carrying it away, does not strengthen the grasp of the law upon it. If left in defendaiit’s possession the levy would be just as binding; the' manual or personal possession of the officer giving no additional force or efficacy. But the transitory character of personal property makes it expedient that the officer, when he levies on it, should take it into his possession. This he does for safety, and surely having it forthcoming on the day of sale. Land is left in the possession of the defendant for convenience, and because it cannot be eloigned or removed from the dominion of the law. If the defendant sell it, the purchaser takes it subject to tbe levy. It is fully as safe and as well preserved in defendant’s possession as if in the actual keeping of the officer, and his interest will as effectually pass when the officer makes sale. The levy gives but a lien on the estate seized for the satisfaction of the execution. It does not absolutely divest the property of the defendant either in personal or real estate; though, by virtue’ of it, both are placed in custody of the law, yet in neither case is the property absolutely divested until the sale. Then defendant’s interest, either in land or personalty, passes to the purchaser. The personalty being in possession of the officer, is delivered by him on consummation of the purchase. The real estate being kept in possession of defendant — if he refuse to surrender it, possession may be summarily obtained by an order of the Circuit Court for that purpose. Rev. Slat, 385, sec. 68. That production of personal property on the day of sale is the object of the officer’s taking it in possession when levied on, is proven by the statutory provision allowing the defendant to retain its possession until the day of sale, on giving bond with security for its delivery to the officer at the time and place of sale. Rev. Stat. 386, sec. 37. In New York, it seems, they have a statute by which the defendant has fifteen months after sale of his real estate for its redemption. Such a provision might make a difference in the effect of a levy on real and personal estate. The rule there might well be that a levy on real estate was not a satisfaction of the judgment or preclusion of another fi. fa. Indeed under their statute it might not be necessary to levy on real estate at all, Avhen it was bound by the judgment, upon which process of execution issued. In such case, how- ■ ever, execution is not to be considered a general execution against the whole estate of defendant, but simply a process to enforce the lien of the judgment, and therefore no levy would be necessary. A simple designation and description of the lands' intended to be sold to satisfy the lien would be sufficient. There is a marked difference between a general execution against a man’s whole estate and merely a process to enforce the lien of the judgment. If plaintiff take out a general execution against all of defendant’s estate (as he has the right to do) he cannot be considered as proceeding specifically for the enforcement of his judgment lien, but for the time as having waived or postponed it and elected to seek satisfaction of his judgment as though he had no lien, or as if the real estate of defendant was insufficient for its satisfaction. In such case the land on which the judgment is a lien is just as subject to the execution as the personalty, and if a portion of it be levied on, the residue is not thereby released from the lien of the judgment, but is from the lien of the execution, as is all of defendant’s other estate, and it is by virtue and authority of the levy that the officer sells and conveys the estate to the purchaser and not by virtue of the judgment lien. If the levy be made on personal estate it is pro tem. a waiver or suspension of the judgment lien, if not an extinguishment of the judgment. Lawrence, ex parte, 4 Cowen 417, and cases there cited. All the books agree that when sufficient personal property to satisfy the execution is seized by virtue of the fi. fa., it is a satisfaction, at least, until the levy is legally disposed of. If a sale be made and there proves a deficit of proceeds, it is but a satisfaction pro tanto and another fieri facias may issue for the residue of the judgment. There is some confliction in the cases, however, as it respects the legal effects and consequences of a levy on real estate — some drawing a distinction between such levies and those on personal estate, on the ground that by a levy on personalty the debtor is deprived of his property andjthe debt satisfied, which is said not to be the effect of a levy on land. These are the reasons given in the pointed case of Shepard v. Rowe, 14 Wend. R. 260, to which learned counsel have referred us. But it is impossible for us to know how far the court were influenced in that case by the peculiar statute before referred to. However, that decision was given in 1835, and in 1840, the same court, after reviewing all the cases, in effect overruled it. The court say' “a levy on land is more than a levy on goods, for the lien of the judgment conspires with that of the execution. In neither case is the debtor’s property absolutely divested till a sale; but in both it is partially displaced, though the sheriff acquire no interest in the land.” Again they say “a levy may operate as a satisfaction and must be fairly tried, but if it fail in whole or in part, without any fault of plaintiff, he may go to his farther execution. He must fairly exhaust the first; and while that is going on, he can neither sue on the judgment nor have another fi. fa., nor a casa., nor can he redeem lands sold on another judgment. Green v. Burke, 23 Wen. R. 490. And a decided majority of the cases place levies on the same footing, whether made upon real or personal estate. The levy of an execution on goods or land is a satisfaction whilst the levy is in force and undisposed of. Arnold v. Fuller's heirs, 1, 2, 3 and 4 of Ohio Condensed Reports 202, and Cass v. Adams et al. same, 545. If the plaintiff levy execution on lands, he elects to take that specific property as a pledge for the satisfaction of his whole debt, and while held for that purpose it is for the time presumed to be a satisfaction, and plaintiff having elected that remedy, is barred from any other until that which he has chosen is clearly and legally shown to be insufficient. McIntosh v. Chew, 1 Blackford's Rep. 289, and the cases there cited. When an execution is levied on land, no other execution can regularly issue to take other estate of defendant’s whilst the land seized under the first remains undisposed of and not released from the execution. Hopkins v. Chambers, 7 Mon. R. 262. Where a fieri facias is levied on land, a second writ of the same character cannot issue on the same judgment until the property levied on is disposed of, until it clearly appear that the property will not pay the judgment. Macy v. Hollingsworth, 7 Blackford’s R. 349. The motion is refused. Oldhamt, J., dissented.